J-S27008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALON WHITEHEAD, JR. | |
| Appellant | No. 598 WDA 2013 |

Appeal from the Judgment of Sentence September 27, 2012
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000282-2009;
CP-56-CR-0000283-2009

BEFORE:  GANTMAN, P.J., ALLEN, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 04, 2014**

Appellant, Alon Whitehead, Jr., appeals from the judgment of sentence entered in the Somerset County Court of Common Pleas, following his jury trial convictions for two counts each of possession of a controlled substance and possession with intent to deliver a controlled substance ("PWID").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On May 22, 2008, Appellant sold approximately one gram of crack cocaine to a confidential informant ("C.I.") during a controlled drug buy.  Several police officers, including Trooper Joshua Giran, were on the scene and observed

---

[1] 35 P.S. § 780-113(a)(16); (a)(30), respectively.

the transaction. Police set up a second controlled buy on June 3, 2008, at which time Appellant sold 4.3 grams of crack cocaine to the same C.I. Trooper Giran identified Appellant as the person who sold drugs to the C.I. during both transactions. The Commonwealth subsequently charged Appellant at docket # CP-56-CR-0000282-2009 ("Case 282") with PWID, conspiracy, and possession of a controlled substance, relating to the May 22, 2008 incident; and at docket # CP-56-CR-0000283-2009 ("Case 283") with PWID, conspiracy, and possession of a controlled substance, relating to the June 3, 2008 incident. The criminal information for each case expressly stated that Appellant faced an increased sentence on any second or subsequent PWID offense. *See* 35 P.S. § 780-115 (stating person convicted of second or subsequent PWID offense may be sentenced up to twice term of imprisonment otherwise authorized).

On October 12, 2010, Appellant entered an open guilty plea to one count of simple possession at Case 282 and one count of PWID at Case 283. The court entered a *nolle prosequi* on the remaining charges. On November 29, 2010, Appellant filed a pre-sentence motion to withdraw his guilty plea asserting, *inter alia*, Appellant was unaware he faced increased penalties as a result of a prior PWID conviction, and his plea was involuntary on this basis. Notwithstanding the language in the criminal informations about the possibility of increased penalties, the court determined that at the time of the plea hearing, counsel for the Commonwealth, plea counsel, and the court

were unaware Appellant had a prior PWID conviction. Consequently, the court and plea counsel misinformed Appellant about the maximum penalties he faced. The court also explained withdrawal of Appellant's guilty plea prior to sentencing would not prejudice the Commonwealth. The court granted Appellant's motion on January 27, 2011.

On August 9, 2011, Appellant proceeded to a jury trial; the court declared a mistrial, however, on August 10, 2011, after some of the court's tipstaff and jury officers made racial comments. On September 19, 2011, Appellant filed a motion to dismiss on double jeopardy grounds and an alternative motion for change of venue. Following argument, the court denied Appellant's motion to dismiss on February 15, 2012, but deferred ruling on the motion for change of venue pending jury selection.[2] On March 2, 2012, Appellant filed a motion to dismiss under Pa.R.Crim.P. 600. Following a hearing on June 1, 2012, the court denied the motion on June 14, 2012. On August 21, 2012, re-trial began. The jury convicted Appellant on August 22, 2012, of two counts each of PWID and simple possession; the jury found Appellant not guilty on the conspiracy charges. The court deferred sentencing for a pre-sentence investigation ("PSI") report.[3]

---

[2] The record is unclear when the court denied Appellant's motion for change of venue but confirms the court ultimately denied the motion.

[3] Appellant waived his right to a full PSI report, so the court directed the probation department to prepare a PSI report consisting of a record check.

Appellant proceeded to sentencing on September 27, 2012, at which time the Commonwealth stated its intent to seek the mandatory minimum sentence for the PWID conviction at Case 283, per 18 Pa.C.S.A. § 7508(a)(3)(i) (stating mandatory minimum for PWID with cocaine weighing between two (2) and ten (10) grams where defendant has prior drug trafficking conviction is three (3) years' imprisonment). The court sentenced Appellant for the PWID conviction at Case 282 to a term of eighteen (18) months to five (5) years' imprisonment; for the PWID conviction at Case 283, the court imposed a consecutive term of thirty-six (36) months' to six (6) years' imprisonment, which included the mandatory minimum under Section 7508(a)(3)(i). Appellant's convictions for simple possession merged for sentencing purposes. Thus, the court imposed an aggregate sentence of four and one-half (4½) to eleven (11) years' imprisonment. On October 9, 2012, Appellant timely filed post-sentence motions, which the court denied by operation of law on March 5, 2013, pursuant to Pa.R.Crim.P. 720(B)(3)(b).[4] Appellant timely filed a notice of appeal on April 4, 2013. On

_____

[4] Generally, where a defendant files a post-sentence motion, the judge shall decide the motion within 120 days of its filing; otherwise, the motion shall be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). Nevertheless, "[u]pon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(b). The order makes clear the denial was pursuant to Rule 720(B)(3)(b).

April 10, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> WERE THE TRIAL COURT'S INSTRUCTIONS TO THE JURY RELATIVE TO DELIBERATIONS SO COERCIVE AS TO REQUIRE REVERSAL?
>
> DID THE [TRIAL] COURT ERR IN DENYING APPELLANT'S PRETRIAL MOTIONS REQUESTING CHANGE OF VENUE, DISMISSAL DUE TO DOUBLE JEOPARDY, AND DISMISSAL UNDER RULE 600?
>
> WAS THE JURY'S VERDICT AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE?
>
> WAS THE SENTENCE IMPOSED BY THE [TRIAL] COURT TOO SEVERE UNDER THE CIRCUMSTANCES?
>
> DID THE [TRIAL] COURT ERR IN ORDERING A MANDATORY MINIMUM SENTENCE OF THREE (3) YEARS, AND IN FAILING TO ORDER THE SENTENCES IN THIS MATTER TO BE SERVED CONCURRENTLY AS OPPOSED TO CONSECUTIVELY?

(Appellant's Brief at 3).[5]

Preliminarily, we observe, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."

---

[5] We have reordered Appellant's issues for disposition purposes.

***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005)

(quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309

(1998)).  Instantly, Appellant failed to include a challenge to the court's jury

instructions in his Rule 1925(b) statement and raises this claim for the first

time on appeal.   Thus, Appellant's first issue is waived.   ***See Castillo,***

***supra***.   ***See also*** Pa.R.A.P. 302(a) (stating issues not raised in trial court

are waived and cannot be raised for first time on appeal).[6]

Our standard and scope of review from an order denying a motion to

dismiss based on double jeopardy grounds is as follows:

> An appeal grounded in double jeopardy raises a question
> of constitutional law.  This [C]ourt's scope of review in
> making a determination on a question of law is, as always,
> plenary.   As with all questions of law, the appellate
> standard of review is *de novo*.  To the extent that the
> factual findings of the trial court impact its double jeopardy
> ruling, we apply a more deferential standard of review to
> those findings:
>
> > Where issues of credibility and weight of the
> > evidence are concerned, it is not the function of the
> > appellate court to substitute its judgment based on a
> > cold record for that of the trial court.  The weight to
> > be accorded conflicting evidence is exclusively for
> > the fact finder, whose findings will not be disturbed
> > on appeal if they are supported by the record.

***Commonwealth v. Kearns***, 70 A.3d 881, 884 (Pa.Super. 2013), *appeal*

---

[6] Counsel concedes he did not object to the court's allegedly improper instruction at trial.  (***See*** Appellant's Brief at 18-19.)

*denied*, \_\_\_ Pa. \_\_\_, 84 A.3d 1063 (2014) (internal citations and quotation marks omitted).

Additionally, the determination of whether to grant or deny a defendant's motion for change of venue rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. **Commonwealth v. Tharp**, 574 Pa. 202, 830 A.2d 519 (2003), *cert. denied*, 541 U.S. 1045, 124 S.Ct. 2161, 158 L.Ed.2d 736 (2004). "[T]he trial court is in the best position to assess the atmosphere of the community and to judge the necessity of any requested change." **Id.** at 219, 830 A.2d at 529. Significantly,

> Venue may be changed when it is determined after hearing that a fair and impartial trial cannot…otherwise be had in the county where the case is currently pending. The moving party bears the burden of showing that such a change is necessary and must demonstrate that he…cannot receive a fair and impartial trial in the county in which venue was originally established.

**Commonwealth v. Brookins**, 10 A.3d 1251, 1259 (Pa.Super. 2010), *appeal denied*, 610 Pa. 625, 22 A.3d 1033 (2011) (internal citations and quotation marks omitted).

Further, "[i]n evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005). "The proper scope of review…is limited to the evidence on the record of the Rule 600

evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party." *Id.* at 1238-39 (internal citations and quotation marks omitted). Importantly, a court will grant a motion to dismiss on Rule 600 grounds only if a defendant has a valid Rule 600 claim at the time the motion is filed. *Id.* at 1243.[7]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable John M. Cascio and the Honorable D. Gregory Geary, we conclude Appellant's second, third, and fourth issues on appeal merit no relief. The trial court opinions comprehensively discuss and properly dispose of those questions. (*See* Trial Court Opinion, filed June 14, 2012, at 2-4; Trial Court Opinion, filed August 1, 2013, at 2-7) (finding: **(issue 2)** court properly denied Appellant's motion to dismiss on double jeopardy grounds because circumstances that caused mistrial involved court's tipstaff and jury officers, and was not result of prosecutorial misconduct; with respect to Appellant's change of venue complaint, trial court ensured that tipstaff and jury officers who had made racial comments during initial trial were not assigned to Appellant's retrial; change of venue based on Appellant's racial prejudice concerns was therefore unnecessary; regarding Appellant's motion to

---

[7] Rule 600(D)(1) governed Appellant's Rule 600 claim at the time he filed it. *See* Pa.R.Crim.P. 600(D)(1) (as amended March 1, 2000; effective April 1, 2001). On October 1, 2012, the legislature rescinded this version of Rule 600 and adopted a new Rule 600, effective July 1, 2013.

dismiss under Rule 600, Commonwealth had 365 days from date of mistrial, August 10, 2011, to retry Appellant, where Appellant was free on bail on instant charges; when Appellant filed Rule 600 motion on March 2, 2012, 365 days had not elapsed from date court granted mistrial, so Appellant's Rule 600 motion was premature when filed and denial of motion was proper; Appellant's challenge to denial of pre-trial motions requesting dismissal on double jeopardy grounds, change of venue, and dismissal under Rule 600 merits no relief; **(issue 3)** Appellant's sufficiency claim is waived for failure to specify in Rule 1925(b) statement which elements of offenses Commonwealth allegedly failed to prove; moreover, evidence was sufficient to sustain Appellant's convictions;[8] with regard to Appellant's challenge to weight of evidence, jury rejected Appellant's testimony denying his

_____

[8] The trial court highlights the Commonwealth's presentation of the following evidence in support of Appellant's convictions: (1) the C.I. called Appellant on the date of both controlled buys and arranged to meet Appellant at a specified delivery site; (2) police strip-searched the C.I. immediately before both controlled buys; (3) Trooper Giran observed an African American male make an exchange with the C.I. during both controlled buys; (4) Trooper Giran positively identified Appellant as the man who sold drugs to the C.I. during both controlled buys; (5) the C.I. identified Appellant as the person who sold her drugs during both controlled buys; (6) the C.I. testified she was familiar with Appellant from purchasing drugs from him on numerous prior occasions; (7) Trooper Michael Noel and Trooper Karen Orsini also observed the controlled buys and corroborated Trooper Giran's testimony concerning the drug transactions; (8) the Pennsylvania State Police ("PSP") laboratory confirmed the substance involved in both controlled buys was crack cocaine; (9) the crack cocaine from the initial controlled buy weighed 0.94 grams; and (10) the crack cocaine from the second controlled buy weighed 4.3 grams. (**See** Trial Court Opinion, filed 8/1/13, at 3-6.)

involvement in controlled buys and claiming that another man who looks like Appellant actually delivered drugs to C.I.; jury credited testimony of C.I. who stated she was familiar with Appellant because she purchased drugs from him on numerous prior occasions, and Trooper Giran's testimony that he positively identified Appellant as drug dealer at both controlled buys; court will not disturb jury's credibility determinations; thus, Appellant's weight claim affords him no relief; **(issue 4)** Appellant's bald allegations that sentence was too severe and court should have imposed concurrent rather than consecutive sentences fail to raise substantial question;[9] moreover, Appellant's sentence falls within standard range, and court

---

[9] Appellant also claims the court failed to consider his rehabilitative needs and ignored certain mitigating factors in fashioning its sentence. These complaints similarly do not raise a substantial question warranting appellate review. *See Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (explaining allegations that sentencing court failed to consider specific mitigating factors or ignored appellant's rehabilitative needs generally do not raise substantial question).

Additionally, in its August 1, 2013 opinion, the court indicates Appellant did not provide a Rule 2119(f) statement. Appellant included the requisite statement in his appellate brief. The context of the court's comment suggests the court meant that Appellant's bald allegations of excessiveness and complaint about the consecutive nature of his sentences, as presented in Appellant's post-sentence motions and Rule 1925(b) statement, did not comport with the requirements of Rule 2119(f) to specify where the sentence falls in relation to the sentencing guidelines, what particular provision of the Sentencing Code the court has allegedly violated, and what fundamental norm of the Sentencing Code the sentence allegedly violated.

specifically stated its reasons for sentence on record;[10] Appellant's challenge to discretionary aspects of his sentence fails).[11]  Therefore, with respect to Appellant's second, third, and fourth issues on appeal, we affirm on the basis of the trial court's opinions.

In his fifth issue, Appellant explains Section 7508(b) requires the Commonwealth to provide "reasonable notice" of its intent to seek a mandatory minimum sentence under that statute.  Appellant asserts the Commonwealth failed to provide sufficient notice when it announced its intent to seek the mandatory minimum per Section 7508(a)(3)(i) for the first time at the sentencing hearing.  Appellant also maintains the Commonwealth did not present clear evidence that Appellant's prior conviction necessary for imposition of the mandatory minimum sentence was a drug trafficking offense, because the PSI report does not specify the exact offense for which Appellant was convicted in 2003.  Appellant contends the

_____

[10] The court specifically considered Appellant's prior record, Appellant's failure to participate in rehabilitative opportunities, the nature of Appellant's PWID offense as posing a risk of harm to others and society in general, and that a lesser sentence would depreciate the seriousness of offense.

[11] Appellant failed to cite any law whatsoever to support his change of venue complaint, Rule 600 claim, or weight of the evidence challenge, which could constitute waiver of these issues on appeal.  ***See Commonwealth v. Gould***, 912 A.2d 869 (Pa.Super. 2006) (explaining appellate briefs must provide citations to record and any relevant supporting authority; appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record).  Nevertheless, the court adequately addressed these claims in its opinions, so we decline to find waiver.

Commonwealth's failure to provide Appellant with reasonable notice of its intent to seek the mandatory minimum deprived him of the opportunity to counter the Commonwealth's argument that Appellant had a previous drug trafficking conviction. Appellant concludes the court erred in applying the mandatory minimum to his PWID conviction at Case 283, and this Court should vacate his judgment of sentence. We disagree.[12]

Our standard of review is as follows:

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa.Super. 2012), *appeal denied*, 617 Pa. 629, 53 A.3d 756 (2012) (quoting *Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa.Super. 2009)).

The relevant provisions of Section 7508 are as follows:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provision of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

---

[12] In his fifth issue, Appellant also repeats his earlier contentions that the court should have imposed concurrent rather than consecutive sentences, and the court erroneously ignored certain mitigating factors. We have already decided these claims do not raise a substantial question.

(3) A person who is convicted of violating section (13)(a)(14), (30), or (37) of The Controlled Substance, Drug, Device, and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

* * *

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but **reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing**. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(3)(i); (b) (emphasis added). Thus, where a

defendant is convicted of PWID involving cocaine weighing between two and

- 13 -

ten grams, and the defendant has a previous drug trafficking conviction, the mandatory minimum sentence is three years' imprisonment. 18 Pa.C.S.A. § 7508(a)(3)(i).

"Section 7508(b)…mandates merely that the Commonwealth give reasonable notice of its intention to proceed under [the statute] after conviction and before sentencing." *Commonwealth v. Vasquez*, 560 Pa. 381, 386, 744 A.2d 1280, 1283 (2000) (internal quotations omitted). What constitutes reasonable notice, "necessarily depend[s] upon the nature, purpose, and circumstances of each case. To be adequate, notice must be sufficient to permit an objection or a defense." *Commonwealth v. Rizzo*, 523 A.2d 809, 811 (Pa.Super. 1987). *See e.g., Commonwealth v. Taylor*, 831 A.2d 661 (Pa.Super. 2003) (holding Commonwealth provided reasonable notice where it stated intent to seek mandatory minimum sentence two days before sentencing, and defense counsel did not seek continuance or indicate he was unprepared to challenge application of mandatory minimum); *Commonwealth v. Norris*, 819 A.2d 568 (Pa.Super. 2003) (holding Commonwealth provided reasonable notice where it included in bill of information general notice of its intent to seek mandatory minimum sentence); *Commonwealth v. Saksek*, 522 A.2d 70 (Pa.Super. 1987) (holding Commonwealth's notice of intent to seek mandatory minimum sentence three days before sentencing was reasonable; if defendant was truly uninformed of possibility of application of mandatory minimum and

unprepared at sentencing to challenge application of statute, he could have sought continuance). *See also Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994), *cert. denied*, 513 U.S. 1153, 115 S.Ct. 1106, 130 L.Ed.2d 1072 (1995) (holding Commonwealth's failure to provide notice "after conviction and before sentencing" per Section 7508(b) constituted harmless error, where defense counsel admitted at sentencing hearing he was not surprised Commonwealth was seeking mandatory minimum because defense counsel received letter from deputy district attorney prior to trial indicating Commonwealth would seek mandatory minimum if case went to trial; by receiving notice prior to trial, Commonwealth provided notice earlier than is required by statute).

Instantly, the Commonwealth charged Appellant at Case 282 with PWID, conspiracy, and possession of a controlled substance; and charged Appellant at Case 283 with the same offenses. In the criminal information for each case, the Commonwealth noted its intent to seek increased penalties if the offenses constituted Appellant's second PWID offense, as follows:

> NOTICE: If this is a second or subsequent offense under 35 [P.S.] 780-113(a)(30) or of a similar offense under any statute of the United States or of any state, the defendant may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both (35 P.S. Section 780-115).

(Criminal Information, Case 282, filed 7/21/09, at 1); (Criminal Information, Case 283, filed 7/21/09, at 1). On October 12, 2010, Appellant pled guilty

at Case 282 to one count of possession of a controlled substance, and at Case 283 to one count of PWID. Appellant subsequently filed a motion to withdraw his guilty plea on November 30, 2010, complaining, *inter alia*, he was unaware of the possibility of increased penalties based on his prior PWID conviction at the time he entered his guilty plea, despite the language in the criminal informations notifying Appellant of that possibility. On January 27, 2011, the court granted Appellant's motion. Following a mistrial on August 10, 2011, Appellant proceeded to re-trial on August 21, 2012. On August 22, 2012, a jury found Appellant guilty of two counts each of PWID and possession of a controlled substance. The court deferred sentencing pending a PSI report of Appellant's prior record.

At the sentencing hearing on September 27, 2012, the Commonwealth stated its intent to seek the mandatory minimum under Section 7508(a)(3)(i), with respect to Appellant's PWID conviction at Case 283. Significantly, Section 7508(a)(3)(i) imposes a far less severe penalty (a mandatory minimum three year sentence) than the provision at 35 P.S. § 780-115 (providing maximum twenty year sentence for second or subsequent PWID (cocaine) conviction),[13] which the Commonwealth indicated in both criminal informations. The Commonwealth explained at sentencing that the PSI report showed Appellant had a prior PWID conviction

---

[13] The maximum sentence for a first time PWID (cocaine) offender is ten years. **See** 35 P.S. § 780-113(f)(1.1).

from 2003, which made the current PWID conviction a second or subsequent drug trafficking offense for sentencing purposes. Appellant did not object to the validity of the PSI report or dispute that he had a prior PWID conviction at any point before or during sentencing. Consequently, the court granted the Commonwealth's request and imposed the lesser mandatory minimum sentence under Section 7508(a)(3)(i) for Appellant's PWID conviction at Case 283.

The record makes clear the Commonwealth put Appellant on notice of its intent to seek an increased sentence based on a prior PWID conviction in the criminal informations. The criminal information for Case 282 and Case 283 stated Appellant was subject to an increased penalty for a second or subsequent PWID offense. Appellant acknowledged notice of the Commonwealth's intent to seek increased penalties when he withdrew his guilty plea; in fact, Appellant moved to withdraw his plea because he faced increased penalties based on his prior PWID conviction. Importantly, Appellant does not dispute that his 2003 conviction was a PWID offense. He complains only that the PSI report failed to specify the exact offense he was convicted of in 2003. The record, however, belies his claim where the PSI report expressly details Appellant's 2003 conviction as PWID.[14]

_____

[14] The PSI report confirms Appellant pled guilty to PWID on December 12, 2003, in the Philadelphia County Court of Common Pleas, at docket # CP-51-CR-1005031-2003.

Given the procedural history of this case, Appellant's complaint about reasonable notice is disingenuous, where Appellant was on notice about increased penalties due to a prior PWID conviction since the filing of the criminal informations and withdrew his guilty plea because of that risk. ***See generally Bell, supra***; ***Norris, supra***. The Commonwealth's decision to proceed at sentencing under a different statute likewise providing for sentencing increases based on a prior PWID conviction caused Appellant no prejudice, where Section 7508 subjected Appellant to a far less severe sentence. ***Compare*** 18 Pa.C.S.A. § 7508(a)(3)(i) ***with*** 35 P.S. § 780-115. Moreover, Appellant could have sought a continuance. ***See Norris, supra***; ***Saksek, supra***. Under these circumstances, we conclude Appellant had reasonable notice and/or suffered no prejudice on this ground.[15] ***See***

_____

[15] We are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. ***Id.*** Here, the court imposed the mandatory minimum sentence under 7508(a)(3)(i). As set forth above, pursuant to Section 7508(b), the court determines applicability of the mandatory minimum at sentencing by a preponderance of the evidence (arguably in violation of ***Alleyne***). Nevertheless, the Commonwealth presented evidence at trial from a forensic scientist at the PSP crime lab that Appellant sold 0.94 grams of crack cocaine during the first controlled buy, and 4.3 grams of crack cocaine during the second controlled buy. Thus, the jury specifically heard evidence that Appellant sold between 2-10 grams of cocaine. At no time did Appellant dispute the quantity of drugs at issue. Consequently, the jury's PWID convictions were based on evidence not only concerning Appellant's sale of drugs, but also concerning specific quantities of drugs. Thus, the Commonwealth
*(Footnote Continued Next Page)*

***Vasquez, supra***; ***Rizzo, supra***.  Therefore, Appellant's fifth issue merits no relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

*JUDGE STABILE CONCURS IN THE RESULT.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2014

---

*(Footnote Continued)* ————————————

established the necessary factual predicate to support imposition of the mandatory minimum sentence based on weight of drugs, such that the jury determined beyond a reasonable doubt Appellant possessed and delivered crack cocaine between 2-10 grams.  ***See Commonwealth v. Watley***, 81 A.3d 108 (Pa.Super. 2013) (*en banc*) (holding imposition of mandatory minimum sentence per 42 Pa.C.S.A. § 9712.1—mandating five year minimum sentence for defendant convicted of PWID when at time of offense defendant was in physical possession or control of firearm—was proper, where jury heard evidence and determined beyond reasonable doubt that appellant possessed firearms in connection with drugs).  The mandatory minimum sentence in this case was also based on Appellant's prior PWID conviction.  The ***Alleyne*** Court made clear, however, its holding did not apply to the fact of a prior conviction.  ***Alleyne, supra*** at ____ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ____ n.1.  Therefore, we see no issue implicating the legality of Appellant's sentence based on ***Alleyne***.

COMMONWEALTH 2013 AUG -1 AM 10: 55 )

FILED FOR RECORD _____ )

v. )

)
)
ALON WHITEHEAD, JR. )
)
Defendant. )

IN THE COURT OF COMMON
PLEAS OF SOMERSET COUNTY,
PENNSYLVANIA

NOS. 282 AND 283 CRIMINAL 2009

## STATEMENT PURSUANT TO RULE 1925 OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE.

This statement is submitted pursuant to the requirements of Pa.R.A.P. 1925(a).

The Defendant was tried by a jury on August 21-22, 2012. The jury found him guilty of two counts each of delivery of a controlled substance (cocaine) and possession of a controlled substance (cocaine). He was ordered on September 27, 2012 to serve consecutive sentences of incarceration on the delivery offenses of not less than 18 months or more than 5 years (No. 282 Criminal 2009) and not less than 36 months or more than 6 years (No. 283 Criminal 2009), creating an aggregate sentence of not less than 54 months or more than 11 years.

The Defendant filed post-sentence motions on October 9, 2012, which were denied by operation of law. A notice of appeal followed on April 4, 2013. The Defendant's statement of matters complained of on appeal was filed on April 29, 2013. The matters complained of on appeal are set forth below.



8-1-13. CC= DA. Atty. Povcecchio, Judge Geary      27 pages

I. The Trial Court Erred in Denying the Defendant's Motion to Dismiss Due to Double Jeopardy.

The Defendant was first tried by a jury on August 10-11, 2011. Near the end of the second day of trial, immediately prior to closing arguments, we announced a brief recess. During the recess, certain court tipstaff and jury officers were overheard making comments about the case that could have been interpreted to be racial in nature. These comments were made outside of the presence of the jury, and did not in any way involve the prosecutor or anyone associated with the prosecution. Citing the appearance of impropriety created by the comments, the Defendant moved for and was granted a mistrial. On September 19, 2011, the Defendant moved the court to dismiss the charges on grounds that a second trial was prohibited by the double jeopardy clauses of the United States and Pennsylvania Constitutions.

In deciding the motion, we examined the principles set forth by the United States Supreme Court in *Oregon v. Kennedy*, 102 S.CT. 2083, 2091 (1982)("the bar of double jeopardy…are limited to those cases in which the [prosecutorial misconduct] giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial"); and our Supreme Court in *Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992)("the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial."). We denied the

2

Defendant's motion because there was no prosecutorial misconduct of any sort involved in the Defendant's trial.

II. The Trial Court Erred in Denying the Defendant's Motion for Change of Venue.

Also on September 19, 2011, the Defendant moved the court to change the venue of the trial, asserting that the conduct of the court tipstaff and jury officers demonstrated a clear racial prejudice against him. We denied the motion for change of venue, finding such to be unnecessary under the circumstances. However, we addressed the Defendant's concerns by ensuring that the tipstaff and jury officers who were assigned to the first trial were not assigned to the second trial.

III. The Trial Court Erred in Denying the Defendant's Motion for Dismissal Under Rule 600.

On March 2, 2012, the Defendant filed a motion for dismissal on speedy trial grounds. We denied this motion by Order dated June 13, 2012. The reasons for the denial are set forth in The Memorandum accompanying the Order.

IV. The Jury's Verdict was Against Weight and Sufficiency of the Evidence.

We note as a preliminary matter that the Defendant's post-trial motion and Rule 1925 Statement do not specify how the verdict was against the weight and sufficiency of the evidence.

The charges in this case arose out of two controlled buys that were planned and carried out by the Pennsylvania State Police. The lead investigator, Trooper Giran, testified that a confidential informant, Deanna Plowman, was used to attempt to purchase crack cocaine in both transactions. The first transaction involved a $100.00 purchase and the second

3

transaction involved a $500.00 purchase. On both occasions, Plowman called the Defendant and arranged to meet him at a specified delivery site. On both occasions, Plowman was strip searched immediately before leaving for the delivery site. On both occasions, Plowman rode to and from the delivery sites with an undercover state trooper. Meanwhile, Trooper Giran positioned himself to observe the transactions from a distance. In both transactions, Plowman exited the car that she had arrived in and walked to a white car. On both occasions, Hollie Smith was driving the white car and an African-American male was in the front passenger seat. Giran witnessed Plowman take something from the male in the front passenger seat and then return to the car that she had arrived in. After the transactions were completed, Plowman and the undercover trooper returned to the barracks where the undercover trooper turned the substances received by Plowman over to Giran. Giran testified that on both occasions he was able to positively identify the person sitting in the front passenger seat as the Defendant.

Plowman testified that she was familiar with the Defendant because she had purchased crack cocaine from him numerous times before she had become a confidential informant. She stated that during both controlled buys, she walked to the white car, handed the Defendant money, and he gave her the assumed crack cocaine in return.

The undercover trooper from the first buy, Michael Noel, testified that he drove Plowman to the delivery site, gave her $100.00 in cash, and watched her walk to the passenger side of the white car. Plowman interacted for a moment with the person in the front seat, then returned to the car and handed the assumed crack cocaine to Noel. The undercover trooper from the second buy, Karen Orsini, testified that she drove Plowman to the delivery site and watched her walk to the passenger side of the white car, where she had a brief

4

interaction with the person in the front seat. Plowman then returned to the car and handed Orsini the assumed crack cocaine.

The substances obtained in both transactions were tested by the Pennsylvania State Police laboratory and confirmed to be cocaine. Commonwealth Exhibits F and G. The cocaine from the first transaction weighed .94 of a gram and the cocaine from the second transaction weighed 4.3 grams. Id.

The Defendant took the stand and denied knowing Deanna Plowman; denied be involved in any manner with the controlled buys; and suggested that the man riding with Hollie Smith on the days of the controlled buys may actually have been a man who resembles him, one Nyron Bird.

*A. The Weight of the Evidence.*

As noted above, the Defendant has not specified the manner in which the jury's verdict is against the weight of the evidence. However, given that the Defendant took the stand and denied any involvement in the drug transactions, we must assume that he is asserting here that the jury should have believed his testimony. We disagree.

"A verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Vandivner*, 962 A.2d 1170, 1177 (Pa. 2009). Moreover, "it is the province of the jury to assess the credibility of witnesses, and a trial judge will not grant a new trial merely because of a conflict in the testimony..." *Id.* at 1178.

In this case, the Defendant denied any involvement in the two transactions and posited that it was actually Nyron Bird who delivered the cocaine to Plowman. Plowman, however,

5

testified that she was familiar with the Defendant because she had purchased crack cocaine from him on numerous prior occasions; and it was the Defendant—and not Nyron Bird—who sold her the crack cocaine on the days in question. Moreover, Trooper Giran testified that he was able to positively identify the Defendant as the person sitting in the passenger seat of the white car on both occasions. It is apparent from the verdict that the jury chose to believe the testimony of either Plowman or Giran or both. We see no basis for second-guessing the jury's determination.

### B. The Sufficiency of the Evidence.

Here, we again point out that the Defendant has not specified the manner in which the evidence is insufficient. We believe this lack of specificity renders the issue waived on appeal. In order to preserve the issue, it was necessary for the Defendant's Rule 1925 Statement to have specified the elements of the offenses that he claims the evidence was insufficient to support. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). Failure to provide this specificity results in waiver of the claim. *Id.* To the extent that the issue is not deemed waived on appeal, viewing the evidence in a light most favorable to the Commonwealth, we are satisfied that the evidence was sufficient to meet each of the elements of the offenses of which the Defendant was convicted.

V. The Sentence is too Severe under the Circumstances and The Trial Court Erred in Ordering Consecutive Sentences.

Here, the Defendant challenges the discretionary aspects of the sentence. In that regard, we observe that:

> An appellant who seeks to challenge the discretionary aspects of the sentence imposed must provide a separate statement, pursuant to Rule of Appellate

6

> Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated. *Id.* Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm.

*Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003). In this case, the Defendant has not provided a Rule 2119(f) statement. Rather, he makes the bald assertion that the sentence "was too severe under the circumstances" and the sentences "should have been ordered to run concurrent as opposed to consecutive." Bald allegations of this sort are generally considered insufficient. *Commonwealth v. McNabb*, 819 A.2d 54, 55-56 (Pa. Super. 2003). Having noted this deficiency, we move on to address the Defendant's claim.

We invite the Court's attention to our sentencing order of September 27, 2012. The sentencing order recites that we relied on a pre-sentence report to fashion our sentence, and the sentence falls within the standard range of the sentencing guidelines. Moreover, the order identifies six reasons for the sentence. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Pollard*, at 525. Having sentenced the Defendant in the standard range of the guidelines and having explained our reasons therefor, we do not believe that there was an abuse of discretion in this instance.

VI. The Court Erred in Applying a Mandatory Minimum to the Offense Docketed to No. 283 Criminal 2009.

> Crimes Code §7508(a)(3) provides in pertinent part that:
>
> A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves... except decocainized coca leaves or extracts of coca leaves which

7

(extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

> (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity...

18 Pa.C.S.A. §7508(a)(3)(i)(emphasis added).

In this case, the Defendant was convicted of delivering 4.3 grams of crack cocaine to Deanna Plowman, a violation of §13(a) (30) of The Controlled Substance, Drug, Device and Cosmetic Act. The pre-sentence investigation revealed that the Defendant had pleaded guilty to a similar offense in Philadelphia County on December 12, 2012. See Pre-sentence Report. The Defendant was informed at the time of sentencing of the findings regarding his prior conviction, and the applicability of the mandatory minimum. He did not present any evidence to rebut the findings concerning the prior conviction. Satisfied that the mandatory minimum applied to the Defendant, we sentenced him to not less than 36 months or more than 6 years.

VII. The Court Erred in Awarding Defendant Only 5 Days Credit for Pre-sentence Incarceration.

Here, we refer the Court to the Pre-sentence Report which provides a comprehensive account of the Defendant's presentence incarceration history. To summarize, the Defendant was arrested and incarcerated on the instant charges on May 15, 2009. Straight bail was set at $50,000.00. On May 19, 2009, the Defendant's bail was modified to $5,000.00 unsecured.

8

However, instead of being released at that time, the Defendant was detained on unrelated summary traffic warrants. He was released on August 19, 2009. Thereafter, the Defendant was arrested and incarcerated several more times on matters that were unrelated to the charges in this case. At the time of sentencing, the Defendant was being held on an outstanding warrant from Philadelphia County.

"Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S.A. §9760(1). In this case, May 15, 2009 to May 19, 2009 was the only time that the Defendant spent in custody as a result of the charges in this case. Consequently, we awarded the Defendant 5 days credit.

BY THE COURT

_____
D. Gregory Geary, J.

9

CLERK OF COURTS
SOMERSET, PA

2012 JUN 14 AM II: 46

FILED FOR RECORD

#282-09

COMMONWEALTH, )    IN THE COURT OF COMMON
)    PLEAS OF SOMERSET COUNTY,
)    PENNSYLVANIA
)
)
)
v.    )
)    NOS. 282 AND 283 CRIMINAL 2009
)
ALON WHITEHEAD,    )
)
Defendant    )

For Commonwealth:    Hannah Myers, Esq., A.D.A.

For Defendant:    Joseph B. Policicchio, Esq.

Argument:    June 1, 2012

## MEMORANDUM

This matter comes before us on Defendant's Rule 600 Motion to Dismiss. Procedurally, Defendant was charged with Possession of a Controlled Substance With The Intent To Deliver, Conspiracy to commit Possession of a Controlled Substance With The Intent To Deliver, and Possession of a Controlled Substance. Initially on October 12, 2010, he pled guilty, pursuant to a plea arrangement, to one count of Possession of a Controlled Substance, approximately one gram of crack cocaine, as an ungraded misdemeanor in No. 282 Criminal 2009 and one count of Possession of a Controlled substance With The Intent To Deliver, involving approximately 4.3 grams of crack cocaine, as an ungraded felony in No. 283 Criminal 2009. The remaining charges in both

6-18-12
Copy to DA, Adult, Atty Policicchio X2, Law Library, Sheriff, PD, Legal Journal



5 pages

cases were nolle prossed. On January 27, 2011, he was permitted to withdraw the guilty pleas per our Order. The cases then proceeded to trial. Through no fault of the Commonwealth or Defendant, the case ended in mistrial granted upon Defendant's motion on August 10, 2011.

Thereafter, Defendant filed a motion for change of venue/venire on September 19, 2011. On February 8, 2012, argument was held on that motion. On February 15, 2012, we issued a decision and Order denying that motion. On March 5, 2012, the instant motion was filed.

At the argument on the instant motion, Defendant and the Commonwealth made several arguments relative to what time between August 10, 2011 (date of mistrial) and the present date should be excluded from the calculations for Rule 600 purposes. The Commonwealth also set forth the argument that in the event of a mistrial, the Commonwealth has 365 from the date of the mistrial to bring the Defendant to trial. Because we agree with this, we need not address whether any time is excluded from the calculations because 365 days has not elapsed since the date of the mistrial on August 10, 2011.

Rule 600 provides in relevant part:

> (D)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on that case. If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

Pa.R.Crim.P. Rule 600(D)(1). The comments to the Rule provide further guidance. They say:

> Paragraphs (D)(1) and (2) provide the time limits for commencement of trial when a trial court has granted a new trial

2

and no appeal has been perfected, or when an appellate court has remanded a case to the trial court, for whatever reason. Under paragraph (D)(1), a trial must commence within 120 days of the trial court order granting a new trial, unless the defendant has been released on bail, in which event the trial must commence within 365 days. The withdrawal of, rejection of, or successful challenge to a guilty plea should be considered the granting of a new trial for purposes of this rule. Paragraph (D)(1) also applies to the period for commencing a new trial following the declaration of a mistrial.

The cases that interpret this section reiterate that the rule is unambiguous and thus has a straightforward application. (*See Commonwealth v. Jensch*, 469 A.2d 632 (Pa. Super. 1983)(holding there was no speedy trial violation when a trial commenced 90 days after the declaration of a mistrial); *Commonwealth v. Hensley*, 441 A.2d 431 (Pa. Super. 1982)(holding that the previous rule 1100 that provided for an additional 120 or 365 days after the grant of a new trial is applicable when the court granted a mistrial); *Commonweawlth v. Raffensberger*, 435 A.2d 864 (Pa. Super. 1981)(holding no violation when the incarcerated defendant was charged February 2, pled guilty on May 25, withdrew the guilty plea on June 26, went to trial July 27, mistrial was declared on July 30 after a prejudicial statement was made by a Commonwealth witness, and a second trial was held August 26); *Commonwealth v. Larew*, 15 Pa. D. & C.3d 14 (Fayette Ct. Com. Pl. 1980)(holding that after a mistrial granted at the defendant's request, the Commonwealth has 120 additional days to bring the defendant to trial)).

In light of the law, we are left with only one determination: whether Defendant was incarcerated on these cases. If he was, the Commonwealth only had 120 days from the date the mistrial was granted to bring him to trial.[1] If he was free on bond, the

---

[1] We note that even if there was a violation of the 120-day rule, the remedy is not to dismiss the charges. Instead it is to release the defendant on nominal bail. *See Commonwealth v. Montgomery*, 861 A.2d 304 (Pa. Super. 2004).

3

Commonwealth has 365 days. Here, Defendant has at least one case pending that is unrelated to this case. The record reflects that a bench warrant was issued after he failed to appear for a scheduling conference. At the argument on this motion, the parties seemed to agree that the bench warrant was related to this other case. Regardless, that bench warrant was later vacated, and Defendant is currently free on bond. As a result of his non-incarcerated status, we conclude that the Commonwealth has 365 days from the date of the mistrial, August 10, 2011, to bring Defendant to trial. Because that time has not yet elapsed, there is no Rule 600 violation.

4

COMMONWEALTH,                    )    IN THE COURT OF COMMON
                                 )    PLEAS OF SOMERSET COUNTY,
                                 )    PENNSYLVANIA
                                 )
                                 )
        v.                       )
                                 )    NOS. 282 AND 283 CRIMINAL 2009
                                 )
ALON WHITEHEAD,                  )
                                 )
            Defendant            )

## ORDER

AND NOW, this _13_ day of June 2012, consistent with the foregoing Memorandum, Defendant's Motion is DENIED.

BY THE COURT

_____
John M. Cascio, P. J.

5